**THOMAS K. GODFREY**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: Thomas.Godfrey@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-120-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **DONALD FRIEDLICH MILLS III,** | |
| **Defendant.** | |

The United States, represented by Assistant U.S. Attorney Thomas K. Godfrey, files the following offer of proof in anticipation of the change of plea hearing set in this case on May 8, 2018.

## THE CHARGES

The defendant, Donald Friedlich Mills III, is charged by indictment in count I with tampering with consumer products, in violation of 18 U.S.C. § 1365(a), and

in count II with acquiring fentanyl by misrepresentation, fraud, forgery, and deception, in violation of 21 U.S.C. § 843(a)(3).

## PLEA AGREEMENT

There is no plea agreement in this case.  The Defendant has indicated that he will plead guilty to the indictment without the benefit of a plea agreement. In the government's view, this is the most favorable resolution for the Defendant. *See Missouri v. Frye*, 566 U.S. 133 (2012).

## ELEMENTS OF THE CHARGE

In order for the Defendant to be found guilty of tampering with consumer products, in violation of 18 U.S.C. § 1365(a), the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant tampered with a consumer product, labeling of, or a container for; and

> Second, the defendant did so with reckless disregard that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk;

> Third, the consumer product affects interstate or foreign commerce.

In order for the Defendant to be found guilty of acquiring fentanyl by misrepresentation, fraud, forgery, and deception, in violation of 21 U.S.C. § 843(a)(3), the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant obtained and acquired a controlled substance to wit: fentanyl, a Schedule II controlled substance; and

Second, the defendant did so by misrepresentation, fraud, forgery, and deception;

Third, the defendant did so knowingly and intentionally.

## PENALTIES

Count I of the indictment carries a maximum penalty of ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. Count II of the indictment carries a maximum penalty of four years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On March 21, 2017, the DEA received a form from the Director of Pharmacy Services indicating that the Billings Clinic Atrium Hospital located at 2800 Tenth Ave. North, Billings had lost 200mL of fentanyl 50mc/mL from employee pilferage.   The Defendant was employed as a nurse at the hospital.  The Defendant was using a syringe to remove fentanyl from packaging used in medical procedures at the hospital and replacing it with saline.  The fentanyl packages involved in this case were shipped in interstate commerce and thus affected

3

interstate commerce.

On March 24, 2017, the DEA met with the Associate General Counsel for the Billings Clinic. The Associate General Counsel provided all the documentation that was filed with the board of nursing. With them was a positive drug test for fentanyl by the Defendant on March 13, 2017. The documents included notes from meetings with the Defendant on March 13 and March 15. At the time of his interview on March 13, 2017, the Defendant was found with a syringe of fentanyl on his person as well as vials of saline. His locker was searched and was found to contain two vials of saline. All these items were taken into the Clinic's custody.

An audit of the Omnicell nursing stations in the cath lab revealed over 70 null transactions under the Defendant's login from February through March 13, 2017. Controlled substances were pulled from the Omnicell stations and the fentanyl did not look quite right. Some of the vials had a small hole in the center of the vials where a needle had pierced the protective cap.

On March 28, 2017, the DEA conducted a recorded Mirandized interview of the Defendant at his home. The Defendant said that he had neck pain and was dealing with anxiety and thought he could self-medicate. He said that he started taking fentanyl and replacing it with saline starting around February 2017 and ending on March 13, 2017 when he was confronted about discrepancies.

4

The Defendant stated that he worked about four days a week and had on-call shifts.  He would divert fentanyl most times that he worked and typically took two vials out at a time.  He said he would take out most of the fentanyl in the vials and replace it with saline.  The Defendant stated that if it was his case he made sure the patients got a full vial along with whatever he had switched. He said once he had the fentanyl he would inject it into his arms while in the bathroom.

On March 30, the DEA took suspected tampered vials of fentanyl as well as syringes and vials labeled as saline into evidence.  This included 22 packages of fentanyl suspected of being tampered with.  The DEA drug lab tested 15 of the packages and found that no fentanyl remained inside them.

DATED this 30th day of April, 2018.

KURT G. ALME
United States Attorney


*/s/ Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant U.S. Attorney