**THOMAS K. GODFREY**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Thomas.Godfrey@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**DONALD FRIEDLICH MILLS III,**<br><br>Defendant. | **CR 17-120-BLG-SPW**<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States, represented by Assistant U.S. Attorney Thomas K. Godfrey, files the following in anticipation of the sentencing hearing set in this case on October 4, 2018.

## INTRODUCTION

The Defendant pled guilty to Count I: Tampering with Consumer Products and Count 2: Acquiring Fentanyl by Misrepresentation, Fraud, Forgery, and

Deception. The Presentence Investigation Report ("PSR") prepared by the United States Probation Office has the Defendant's advisory guideline range calculated at 41 to 51 months based on a total offense level of 22 and a criminal history category of I. The United States has no objection to the PSR and respectfully requests that the Court impose a sentence of 41 months of imprisonment and three years of supervised release to follow.

## ARGUMENT

### A. The Offense

On March 21, 2017, the DEA received a form from the Director of Pharmacy Services indicating that the Billings Clinic Atrium Hospital located at 2800 Tenth Ave. North, Billings had lost 200mL of fentanyl 50mc/mL from employee pilferage. The form indicated that the nurse is Donald Mills and he had admitted to taking fentanyl out of unopened vials via a syringe and replacing the liquid with saline.

On March 24, 2017, DEA agents met with the Associate General Counsel for the Billings Clinic and the Director of Pharmacy Services. They provided all the documentation that was filed with the board of nursing. With them was a positive drug test for fentanyl by Mills on March 13, 2017. The documents included notes from meetings with Mills on March 13 and March 15. At the time of his interview on March 13, 2017, Mills was found with a syringe of fentanyl on

his person as well as vials of saline. His locker was searched and was found to contain two vials of saline. All these items were taken into the Clinic's custody.

Mills was discovered because he was seen at the hospital in the cath lab on a day he had off which was suspicious. An audit of the Omnicell nursing stations in the cath lab revealed over 70 null transactions under Mill's login from February through March 13, 2017. The controlled substances were pulled from the Omnicell stations and the fentanyl did not look quite right. Some of the vials had a small hole in the center of the vials where a needle had pierced the protective cap.

On March 28, 2017, a recorded interview of the Defendant was taken by law enforcement at his home. Mills said that he had neck pain and was dealing with anxiety and thought he could self-medicate. He said that he started taking fentanyl and replacing it with saline starting around February 2017 and ending on March 13, 2017 when he was confronted about discrepancies.

Mills stated that he worked about four days a week and had on-call shifts. He would divert fentanyl most times that he worked and typically took two vials out at a time. He said he would take out most of the fentanyl in the vials and replace it with saline. Mills stated that if it was his case he made sure the patients got a full vial along with whatever he had switched. He said once he had the fentanyl he would inject it into his arms while in the bathroom. Agents observed track marks on Mill's arms.

On March 30, the DEA took suspected tampered vials of fentanyl as well as syringes and vials labeled as saline into evidence. This included 22 packages of fentanyl suspected of being tampered with. The DEA drug lab tested 15 of the packages and found that no fentanyl was inside them.

B.  **Criminal History and Background**

The Defendant has a criminal history category of I. The Defendant has no criminal history.

C.  **Sentence Recommendation**

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the defendant; and (6) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide for restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

In the government's view, a sentence at the bottom of the guideline range is a sufficient but not excessive sentence in this case. The Defendant was in a position of trust as a nurse at the hospital and abused both the trust of his hospital and the trust of his patients by tampering with the fentanyl. Fentanyl is a drug that provides powerful pain relief. The Defendant stated when he was on the job he made sure that his patients got a full vial along with whatever he had tampered with, but when he was not on the job patient's would not have. It is unknown how many patients did not get the pain relief they needed due to the Defendant's tampering as the patients would have been injected with the saline water and the procedures would have gone on. It is known that when the DEA and the hospital checked the fentanyl they found 22 packages tampered with that had not yet been used.

The Defendant could have simply taken the fentanyl without replacing it with the saline water, but that would have led to a sooner discovery of the tampering. The Defendant chose to be deceptive and replace the fentanyl with saline water in order to continue to have access to the drug, knowing the risk it would pose to patients. He then continued this conduct for at least a month and a half before being discovered.

Given the level of deception, the Defendant's position of trust, and the result of his actions being patient's suffering unneeded pain the government believes a

guideline sentence is appropriate. The government respectfully requests a sentence of 41 months imprisonment with a term of 3 years of supervised release to follow. This sentence will provide punishment and deterrence while allowing the defendant the benefit of counseling for rehabilitation.

DATED this 18th day of September, 2018.

>KURT G. ALME
>United States Attorney
>
>
> */s/ Thomas K. Godfrey*
>THOMAS K. GODFREY
>Assistant U.S. Attorney